ALTER & BRESCIA, LLP
*Proposed Attorneys for the Debtor*
550 Mamaroneck Avenue, Suite 401
Harrison, New York 10528
(914) 670-0030
Bruce R. Alter, Esq.
Dana P. Brescia, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                              Chapter 11

    BIOMBO, INC.,                           Case No. 14- 23719(rdd)

        Debtor.

------------------------------------------------------------X

**DECLARATION OF CIRILO RODRIGUEZ
PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK         )
                                   ) ss.:
COUNTY OF WESTCHESTER     )

    CIRILO RODRIGUEZ, being duly sworn, deposes and says:

    1.    I am the president and sole shareholder of Biombo, Inc. (the "Debtor"). As such, I am familiar with the Debtor's operations, business and financial affairs.

    2.    I submit this Declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-2(a)(1)**

    3.    The Debtor is a single asset real estate entity that owns and operates 2 contiguous multi-residential buildings located at 85-87 Cortlandt Street, Sleepy Hollow, NY 10591 (the "Property"). The buildings on the Property are four (4) story apartment buildings with eighteen (18) total units, all of which are currently rented.

4. The Property has an approximate fair market value of $3,080,000 and has a first priority secured mortgage in the approximate outstanding amount of $1.3 million dollars held by Manufacturers and Traders Trust Company ("M&T"). Crown Funding ("Crown") holds a second mortgage against the Property in the approximate outstanding amount of $1.0 million dollars. Debtor owes outstanding taxes to the Village of Sleepy Hollow in the approximate amount of $136,000 and the Town of Mt. Pleasant in the approximate amount of $60,000.

5. The Debtor has properly and consistently insured, maintained and managed the Property. The Debtor has substantial rent roll from tenants and has the ability to continue to service M&T's debt pending a refinance, sale or confirmation of a Plan of Reorganization within a reasonable amount of time.

6. The Debtor's bankruptcy filing was necessitated by the appointment of a receiver of the Property in a foreclosure action captioned *M&T v. Biombo, et. al.,* New York State Supreme Court, Westchester County, Index No. 52034/2014 (the "Foreclosure"). The Foreclosure was precipitated by M&T calling the Debtor in default under the loan agreement after a dispute raised by the Debtor regarding the misapplication of debt service payments.

7. The Debtor failed to pay its water charges, and consequently the Village of Sleepy Hollow placed a tax lien on the Property. This lien is disputed by the Debtor for two reasons. First, the Debtor has not yet reviewed the amount of the lien. Second, the Debtor believes that he may have a right to set off for $10,000 for water damage caused by the village to a boiler on the Property.

8. The Debtor intends within 90 days to be able to refinance the Property which will result in the payment of its obligations to M&T in full.

9. The second mortgage on the property serves as additional collateral to a mortgage loan made from Crown to the Debtor's affiliate, 146-148 Cortland Street, LLC. This affiliate likewise intends to refinance and pay off Crown within the next 30-60 days, which would remove the second lien from Debtor's property at 85-87 Cortland Street.

**Local Rule 1007-2(a)(2)**

10. This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

11. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

12. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding "insiders" as that term is defined in §101(31) of Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

13. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

14. A summary of the Debtor's assets and liabilities is annexed as **Schedule III**

**Local Rule 1007-2(a)(7)**

15. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

16. A Receiver has been appointed in the Foreclosure Action to manage the Debtor's Property and collect the rents.

**Local Rule 1007-2(a)(9)**

17. The Debtor operates from 150 Cortlandt Street, Sleepy Hollow, New York 10591.

**Local Rule 1007-2(a)(10)**

18. The Debtor's substantial assets, books and records are located at 85-87 Cortland Street, Sleepy Hollow, NY 10591.

**Local Rule 1007-2(a)(11)**

19. The only pending action against the Debtor is the Foreclosure.

**Local Rule 1007-2(a)(12)**

20. The Debtor's senior management consists of Cirilo Rodriguez, managing member.

**Local Rule 1007-2(b)(1)**

21. Debtor has no employees (exclusive of officers and directors).

**Local Rule 1007-2(b)(2)**

22. The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(3)**

23. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

24.     The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

25.     The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Harrison, New York
December 15, 2014

*/s/ Cirilo Rodriquez*_____
Cirilo Rodriguez, Managing Member

## Schedule I

## List of Debtor's 20 Largest Unsecured Creditors

Con Edison                      $6,400.00
JAF Station
P.O. Box 1702
New York, NY 10116

## Schedule II

## List of Debtor's 5 Largest Secured Creditors

| | |
|---|---|
| M&T Trust Company<br>One M&T Plaza<br>Buffalo, New York, 140203 | $1,300,000<br>(approx)<br>(liquidated) |
| Crown Bank<br>c/o Windels Marx Lane & Mittendorf<br>156 West 56th Street<br>New York, New York 10019 | $1,000,000<br>(approx)<br>(liquidated) |
| Village of Sleepy Hollow<br>28 Beekman Avenue<br>Tarrytown, NY 10591 | $136,000<br>(approx)<br>(disputed) |
| Town of Mt. Pleasant<br>One Town Hall Plaza<br>Valhalla, NY 10595 | $60,000<br>(approx)<br>(disputed) |

## Schedule III

### Debtor's Balance Sheet as of December 15, 2014

**ASSETS:**

| | |
|---|---|
| Land and Buildings | $3,080,000 |
| Rents Receivable | Unknown – Collected by Receiver |
| Mortgage reserve Account | $0.00 |
| TOTAL ASSETS: | $3,080,000 |

**LIABILITIES:**

| | |
|---|---|
| First Mortgage (Unliq/Disp) | $1,300,000 |
| Second Mortgage (Unliq/Disp) | $1,000,000 |
| Village of Sleepy Hollow | $136,000 |
| Town of Mt. Pleasant | $60,000 |
| Utilities Payable | $6,400 |
| TOTAL LIABILITIES: | $2,502,400 |

**Schedule IV**
**30 Day Budget**

| | |
|---|---:|
| **CASH RECEIPTS:** | |
| Rental Income | $25,745 |
| | |
| TOTAL RECEIPTS: | $25,745 |
| | |
| **EXPENSES:** | |
| Insurance | $724 |
| Electric | $2,860 |
| Water | $700 |
| Repairs & Maintenance | $1,404 |
| RE Mortgage & Escrow | $17,547 |
| Other Expenses | $900 |
| | |
| TOTAL EXPENSES: | $24,135 |
| | |
| **TOTAL NET CASH AVAILABLE:** | **$1,610** |

---

[1] Insurance is covered under multiple property policy including several non-debtor properties.